OPINION
Appellant Robert Akins appeals the decision of the Licking County Court of Common Pleas that denied his motion to suppress. The following facts give rise to this appeal. On July 17, 1999, an informant went to the Heath Police Department and informed Officer April Martin about drug activity that was occurring at room 217 at the Holiday Inn, in Heath, Ohio. Officer Martin knew the person providing the information but had not used the person as an informant prior to that date. The informant based her information on the knowledge of her daughter, Toni Turner, and Ms. Turner's habits and friends. Officer Martin and Detective Eric Rardain went to the Holiday Inn in order to investigate. The officers proceeded to room 217 and knocked on the door. Appellant, wearing only his boxer shorts, partially opened the door and stood in the doorway. Officer Martin and Detective Rardain identified themselves and informed appellant that they were there to investigate a report of drug activity in the room. Appellant denied any drug activity. While standing outside the door, Officer Martin and Detective Rardain observed empty beer bottles on a table in the room. The officers inquired as to whether anybody in the room was of legal drinking age. Appellant responded that his cousin, who was in the room, was of legal drinking age. At that point, one of the officers asked to enter the room in order to continue the conversation. At the suppression hearing in this matter, both officers testified that appellant consented to their entry. However, appellant testified that the officers pushed the door open forcefully and entered the room. Once inside the room, the officers observed, in plain view, more beer bottles, condoms, a straightened paper clip burned at one end, a small amount of marihuana and an unrolled cigar located on top of a small refrigerator. Officer Martin testified, at the suppression hearing, that a straightened paper clip is sometimes used to pack a pipe, cigarette or cigar with either crack cocaine or marihuana. Appellant testified, at the suppression hearing, that the marihuana was not in plain view because it was covered by some paper. After the officers entered the room, other occupants awoke. Two minor females remained in the beds. Appellant's cousin, Terrell Akins, sat on the edge of the bed. The officers observed that appellant and his cousin seemed nervous and began sifting through blankets with their hands and feet. Appellant and his cousin told the officers that they were looking for their clothes. Upon learning the identity of appellant's cousin, the officers discovered there was a valid warrant for his arrest from Grove City, Ohio. The officers placed Terrell Akins under arrest. Officer Martin called for back-up assistance. Officer Martin then searched the room for weapons. While searching the room, Officer Martin discovered cash and a couple baggies of crack cocaine in the drawer of the nightstand between the two beds. The officers also found a gun, covered with blankets, on the lower shelf of the nightstand. Thereafter, the officers placed all occupants of the room under arrest. Detective Rardain later obtained consent, from the person that rented the room, Toni Turner, to reenter the hotel room and search for and seize evidence of criminal activity. On August 2, 1999, the Licking County Grand Jury indicted appellant for possession of crack cocaine, possession of marihuana, contributing the unruliness or delinquency of a child, and underage consumption. On August 27, 1999, appellant filed a motion to suppress evidence seized following a warrantless search of his hotel room. The trial court conducted a hearing on appellant's motion on October 12, 1999. The trial court denied appellant's motion at the hearing. Appellant appeared before the trial court on January 6, 2000, and changed his previously entered plea of not guilty to a plea of no contest to two counts of attempted possession of crack cocaine. Upon motion of the state, the trial court dismissed the remaining four counts of the indictment. On January 20, 2000, the trial court sentenced appellant. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO SUPPRESS THE FRUITS OF A WARRANTLESS SEARCH OF DEFENDANT'S HOTEL ROOM.
 I
Appellant contends, in his sole assignment of error, that the trial court should have granted his motion to suppress because the officers conducted a warrantless search of his hotel room. We disagree. The argument appellant sets forth on appeal challenges the trial court's decision concerning the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, as an appellate court, we must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993),85 Ohio App.3d 623, 627; and State v. Guysinger (1993), 86 Ohio App.3d 592,594. It is based on this standard that we review appellant's sole assignment of error. Appellant's argument presents a narrow issue on appeal and concerns how the officers gained access to the inside of the hotel room. Appellant maintains that he did not voluntarily permit the officers to enter the hotel room but merely acquiesced to their entrance due to their authority. Appellant did not testify to this fact at the suppression hearing but instead testified that the officers forcefully pushed the partially opened door completely open and entered the room. Tr. Suppression Hrng. at 63, 69. Both Officer Martin and Detective Rardain testified, at the suppression hearing, that they asked appellant if they could enter the room and appellant opened the door the rest of the way and permitted them to enter. Id. at 12, 31, 41, 42. The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. Where persons hold a subjective expectation of privacy, a valid warrantless search must fall within a judicially recognized exception of the warrant requirements. Ohio State Dept. of Liquor Control v. Fraternal Order of Eagles Aerie 2293 (1996),112 Ohio App.3d 94, 97, citing Katz v. United States (1967),389 U.S. 347. The prohibition against unreasonable intrusions does not apply to situations in which voluntary consent is obtained, either from the individual whose property is searched or from a third party possessing common authority over the premises. Illinois v. Rodriguez (1990), 497 U.S. 177. In the case sub judice, appellant argues he did not voluntarily consent to the officers entering his hotel room. The officers testified that appellant consented to their entrance. This conflicting testimony presented a credibility issue for the trial court. In finding that appellant consented to the officers' entrance, the trial court noted that appellant stated, during his testimony at the suppression hearing, that he did not really care if they [the officers] came in or not. Tr. Suppression Hrng. at 78. The trial court could reasonably conclude that based on this statement, appellant did give the officers permission to enter the hotel room. The facts of this case support the trial court's conclusion that appellant consented to the officers' entrance into the hotel room, which is a valid exception to the search warrant requirement. Accordingly, appellant's sole assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
 ____________________ Wise, J.
By: Reader, V. J. Gwin, P.J., and Hoffman, J., concur.